UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | Civil Action No. |
| *Plaintiff,* | |
| v. | Judge |
| DONALD J. TRUMP, et al. | Magistrate Judge |
| *Defendants* | |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Jane Doe ("Ms. Doe") moves this Court for a temporary restraining order ("TRO"). She asks this Court to order Defendants—unlawfully removed her from the United States—to immediately return her to the United States without incident to place her on an Order of Supervision ("OSUP") to prevent her from being wrongfully deported again.

As set forth in her Complaint and the evidence attached thereto, Ms. Doe has a final order from an Immigration Judge ("IJ") granting her the protection of Withholding of Removal—prohibiting her removal to Democratic Republic of Congo. Exh. A to the Complaint. On February 15, 2026 contrary to the requirements under our Constitution's Fifth Amendment, procedural due process rights, substantive due process rights, and Administrative Procedure Act, Defendants removed Plaintiff out of the United States (which country on a deportation flight bound to five different countries, Defendants could not say) without any legal process whatsoever. Exh. G Hood Aff. She is unquestionably owed a remedy by Defendants.

1

A court will grant preliminary injunctive relief, including a TRO, where the moving party can demonstrate: "(1) a substantial likelihood h[er] cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest." *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F. Supp. 3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). In cases against the government, the third and fourth factors merge. *Texas v. United States*, 809 F.3d 134, 187 (5th Cir. 2015) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

As to the first prong of the TRO test, there is more than a substantial likelihood that Ms. Doe will succeed on the merits: procedural due process, substantive due process, Administrative Procedures Act ("APA"), and mandamus claims. Importantly, all four claims are premised on the same operative facts, which are: Ms. Doe had judicial protection from removal to the Democratic Republic of Congo and Defendants removed Plaintiff from the United States. Defendants put Plaintiff on a deportation flight bound to the African continent, with no notice or opportunity for response from her or her counsel. Defendants could not even inform counsel which country was Plaintiff's intended destination of removal. She was removed without any legal process whatsoever. Defendants have not communicated with counsel after no fewer than twenty-five (25) emails and phone call attempts to reach a DHS officer and seek information about the status of a third country removal. In doing so, Defendants violated:

a) The Fifth Amendment to the U.S. Constitution, which provides for both procedural and substantive due process—meaning that Defendants will engage in conduct that follows

    the law and that does not shock the conscience (including haphazardously disappearing someone into the night), and

  b)  The APA, which prohibits Defendants from engaging in arbitrary or capricious conduct—the very conduct at issue here.

In light of the aforementioned violations, Ms. Doe is owed a tangible remedy.

The remedy Ms. Doe seeks can be readily accomplished by returning her to the United States and releasing her on an OSUP.

As to the second TRO prong, there can be no doubt that there is a substantial threat of irreparable injury if the injunction is not granted. Ms. Doe met the standard for protection under Withholding of Removal by demonstrating that it is more likely than not she would be subject to persecution if returned to the Democratic Republic of Congo. Here, irreparable harm is uncontested. Defendants never appealed Ms. Doe's grant of Withholding of Removal. Now Defendants wish to put Ms. Doe in countries in close proximity to her persecutor, a powerful politician who has already located and threatened to kill her in another country halfway around the world (Brazil). She then arrived in and obtained protection in the United States.

    We don't even know where Defendants disappeared Ms. Doe to yesterday in the dark of night. She was given no notice and opportunity, nor were her counsel, to present her fear-based claims in a third country. On a deportation flight bound for Senegal, Cameroon, Chad, Ghana and Nigeria. Ms. Doe has no connections, resources, money, or way of contacting anyone in the world. "Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 582–83 (E.D. La. 2016), aff'd sub nom. *Monumental Task Comm., Inc. v.*

*Chao*, 678 F. App'x 250 (5th Cir. 2017) (quotations omitted). The Fifth Circuit requires only a "substantial threat" of irreparable injury, *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir.1996), which is defined as "harm for which there is no adequate remedy at law," unlike, for example, monetary damages. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013). There can be no question that Ms. Doe satisfies the TRO irreparable injury requirement.

The third and fourth prongs of the TRO test weigh clearly in Ms. Doe's favor. *See Texas*, 809 F.3d at 187 ("Although the United States cites the public interest in maintaining separation of powers and federalism by avoiding judicial and state interference with a legitimate executive function, there is an obvious difference: The interest the government has identified can be effectively vindicated after a trial on the merits. The interest [the opposing party] ha[s] identified cannot be. . . .").

Last, there is no question that when Ms. Doe was removed, Defendants were on notice that she both had (a) legal counsel, and (b) had fear of persecution in third countries. *See* Exh. B, Exh. C, Exh. D, Exh. E, Exh. F, Exh. G to the Complaint. Rectifying the egregious error of excluding counsel from Ms. Doe's case is in the public interest. Failing to give proper notice and opportunity, in fact *any* legal process at all, refusing her counsel's participation and *purposely* disregarding communication from counsel, simply obliterates the idea that in American democracy we exist in a system of laws and government, and "the recognition by all citizens... that such rights cannot be enjoyed save in a society where law is respected and due process is observed."[1]

---

[1] Words by George Mason, attributed to Constitution of Virginia, Article I Bill of Rights, sec. 15 (1776).

In light of the foregoing, Ms. Doe respectfully asks that this Court grant her request for an injunction and declaratory judgment, and order Defendants to immediately locate, transport her to a mutually agreed upon port of entry, allow her to safely reenter the United States, and to order that she be placed on an OSUP to prevent the error of her wrongful deportation from repeating itself.

Dated: February 16, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Ellen Hahn* | */s/ Whitney Hood* |
| **Ellen Hahn, Louisiana Bar No. 22406** | **Whitney Hood*** |
| 2223 W. St. Mary Blvd. | Sanctuary for Families |
| Lafayette, LA 70506 | 30 Wall St. 8th Floor |
| T: (337) 298-3831 | New York, New York 10268 |
| Nellhahn2@gmail.com | T: (212) 271-8688 |
| *Attorney for Petitioner* | whood@sffny.org |
| | *Attorney for Petitioner* |
| | *\* motion for pro hac vice pending* |

5