UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JANE DOE | CIVIL ACTION NO. 26-0473 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DONALD TRUMP, ET AL. | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order (Record Document 3) filed by Plaintiff Jane Doe ("Doe"), a citizen of the Democratic Republic of Congo. Doe has filed a Complaint for Injunctive Relief and Declaratory Judgment alleging Defendants, all federal officials, violated her rights to statutory due process by (i) failing to provide adequate notice of potential third countries for removal, (ii) failing to conduct fear interviews related to these third countries, (iii) refusing to communicate with counsel, and (4) unlawfully removing her from the United States. See Record Document 1. In the instant emergency motion for injunctive relief, she asks this Court to order Defendants to immediately return her to the United States without incident and to place her on an Order of Supervision ("OSUP") to prevent her from being wrongfully deported again. See Record Document 3.

Doe submits that she fled the Democratic Republic of Congo to seek protection from human trafficking and violence. More specifically, she fears for her safety from her husband and trafficker. Upon arrival in the United States, she immediately sought asylum. On June 10, 2025, her request for asylum was denied. See Record Document 1-1. The Immigration Judge ordered her to be removed to the Democratic Republic of Congo but

simultaneously granted withholding of removal order under 8 U.S.C. § 1231(b)(3). See id.

Until February 14, 2026, Doe was detained by the U.S. Immigration and Customs Enforcement ("ICE") in Richwood Correctional Center in Monroe, Louisiana. On February 14, 2026, at approximately 11:00 p.m., upon information and belief, Doe was notified that she was being "moved." Record Document 1 at 2. She was not told whether it was to another detention facility or to be removed from the United States. See id. On February 15, 2026, at approximately 4:00 a.m., Doe, upon information and belief, was put on a deportation flight that was bound for the following countries: Senegal, Cameroon, Chad, Ghana, and Nigeria. See id. Upon information and belief, counsel believe Doe is still in constructive custody because "all available information through ICE Flight tracking . . . indicate[d] that the plane [was] still in the air" at the time the instant motion was filed on February 16, 2026. Id. Because she fled the African continent due to fear that the man to whom she had been "sold" would find, torture, and kill her, Doe submits that she fears persecution in the countries to which the deportation plane is bound. Id. at 3. Counsel challenges Doe's removal because there was no proper notice and opportunity to present fear-based claims regarding these third countries before her removal. See id.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing

Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

As held in this Court's previous order regarding Doe's request to proceed by pseudonym, the nature of the relief sought in both the Complaint and the instant emergency motion requires some level of specificity and identification that is lacking at this stage.  Doe's allegations regarding the destination of the deportation flight and the status/location of the flight are all upon information and belief.  Such speculative allegations are insufficient to warrant the extraordinary relief of a TRO.  On this basis alone, the Court must deny the Emergency Motion for Temporary Restraining Order.

Additionally, Doe seeks emergency injunctive relief that mirrors the relief requested in her Complaint, that is, return to the United States and an OSUP.  In Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026), the court explained why such motions for injunctive relief should be denied:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192,

200 (2025).  In other words, they should not be used to rule on the final, merits question.

      Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. <u>Id.</u> at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." <u>Canal Auth. of the State of Florida v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974); <u>see also</u> Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." <u>Callaway</u>, 489 F.2d at 573.

A ruling on the instant Emergency Motion should not resolve the legal disputes in this case.  Thus, to the extent Doe asks for an order of return and the issuance of a OSUP, the Court views her request as an improper effort to obtain a ruling on the merits of her Complaint.

      Accordingly,

      **IT IS ORDERED** that Doe's Emergency Motion for Temporary Restraining Order (Record Document 3) is hereby **DENIED**.  This matter is hereby **REFERRED** to Magistrate Judge Ayo for expedited consideration.

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of February, 2026.

      _____
      S. MAURICE HICKS, JR.
      UNITED STATES DISTRICT JUDGE